CLOTILDE SANTIAGO RIVERA, demandante y apelante, *v.* La menor TERESA ENRIQUETA SANTIAGO Y OPPENHEIMER, representada por su tutor DON JORGE OPPENHEIMER Y DALMAU, demandados y apelados.

No. 4224.—*Sometido:* Mayo 8, 1928. *Resuelto:* Mayo 29, 1929.

*Tous Soto & Zapater,* abogados del apelante; *Francisco Parra Capó,* abogado de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Doña Isabel Oppenheimer viuda de Santiago tomó en arrendamiento una finca situada en la jurisdicción municipal de Santa Isabel por término de diez años y canon de cuatro mil dólares anuales, otorgándose al efecto una es-

critura pública que contiene entre otras las siguientes cláusulas:

"Tercera: Será obligación de la arrendataria y así se pacta, la de pagar en las fechas correspondientes, las contribuciones que actualmente tienen asignadas las fincas, tanto real, como personal, y las que se le puedan asignar por cualquier concepto en lo futuro, tanto en virtud de la Ley proveyendo las contribuciones de un sistema de riego, como las que en cualquier época y por cualquier concepto, pudiesen imponer y cobrar el Gobierno Insular, el Federal, el Municipal del pueblo en que está radicada la finca; la Junta Escolar o cualquier otro Centro al que se puedan dar atribuciones para imponer y cobrar contribuciones bajo cualquier denominación, bien se impongan sobre el fundo, bien sobre sus productos o en cualquier forma.

"Sexta: Al terminar el presente contrato, quedarán a beneficio del arrendador, todas las mejoras que se hayan introducido en la finca, como estaciones de riego, y accesorios, cercas, o mejoras de cualquier otra clase, con excepción de las estipuladas en la anterior cláusula, sin tener que pagar indemnización alguna, así como también los cultivos existentes, hayan o no sido recolectados sus productos, exceptuándose las cañas, para cuya recolección tendrá derecho la arrendataria a que se le conceda el término necesario para levantar la cosecha, cuyo término lo será en este caso, el comprendido entre los meses de diciembre del año mil novecientos veinte y cinco, fecha del vencimiento del contrato, y julio del siguiente año, inclusive; pagando al efecto la parte proporcional del canon por el tiempo que ocupare el terreno; pero debiendo ir haciendo entrega de la finca, según fuere desocupando, y sin que esto se entienda como prórroga del contrato, aunque bien entendido, que el pago del agua tomada al riego, a medida que se vaya entregando el terreno al vencimiento del contrato, será por cuenta del arrendador, en la parte proporcional al terreno entregado, teniendo obligación el referido arrendador, de satisfacer el importe de la misma al Gobierno, corporación o persona con derecho a efectuar el cobro."

Vigente el contrato murió doña Isabel, sucediéndola su hija la menor demandada Teresa Enriqueta Santiago y Oppenheimer que continuó por medio de su tutor ejercitando los derechos y cumpliendo los deberes derivados del arrendamiento. Este venció el 1º. de diciembre de 1925, con-

tinuando la recolección de las cañas de acuerdo con lo estipulado en la cláusula sexta hasta el 31 de marzo de 1926 en que se hizo la entrega definitiva de la finca.

La menor arrendataria por medio de su tutor presentó al arrendador una liquidación que arrojaba un saldo a favor del último de $1,108.59.

Surgieron algunas dificultades entre los contratantes primero a virtud de negarse el arrendador a entregar a la arrendataria una constancia escrita de haber recibido la finca a satisfacción simultáneamente a la entrega por parte de la arrendataria al arrendador del saldo adeudado y luego a consecuencia de pedir la arrendataria que se modificara la liquidación por ella misma producida cargándose al arrendador cierta cantidad por ella satisfecha como contribución sobre riego cuando era lo cierto que no había recibido las aguas a que daba derecho el pago de la contribución.

No pudiendo arreglarse privadamente dichas dificultades, el arrendador inició este pleito en cobro de $1,108.59, intereses y costas. Contestó la demandada sosteniendo, en resumen, que lo único que venía obligada y estaba dispuesta a pagar era la suma de $594.54, sin intereses, debiendo imponerse las costas al demandante.

Fué el pleito a juicio, practicóse una larga prueba documental y testifical y la corte finalmente falló a favor de la demandada, sin especial condenación de costas.

No conforme el demandante apeló para ante esta Corte Suprema señalando en su alegato la comisión de cinco errores que argumenta extensa y cuidadosamente.

A nuestro juicio, como sostiene la apelada en su alegato, sólo dos cuestiones están envueltas en el recurso, a saber:

1. ¿Tenía derecho la demandada a reembolsarse al hacer entrega de la finca de la cantidad pagada por adelantado al Servicio de Riego por una agua que no había recibido?

2. ¿Es aceptable la forma en que la demandada plantea su alegado derecho en la contestación, o debió establecerlo mediante reconvención?

■ Estudiemos la primera. La finca arrendada está comprendida dentro del distrito de riego de la costa sud de la Isla. De acuerdo con la ley tiene asignada una cantidad de agua por la que debe pagar el terrateniente determinada contribución cuyo objeto es cubrir el capital e intereses de los bonos que se emitieron para la construcción del sistema de riego y los gastos de su explotación y mantenimiento. El riego de la costa sud es una empresa gubernamental regida por leyes de la Asamblea Legislativa de Puerto Rico.

El pago de la indicada contribución debe hacerse por semestres adelantados y cuando el tiempo seco o alguna otra circunstancia impide acumular en los pantanos o represas agua suficiente para dar lo que se ha asignado a cada finca, el Servicio de Riego no devuelve la cantidad cobrada por adelantado sino que, como la misma parte apelada expresa en su alegato, ''abre a favor de la finca un crédito por el agua que dejó de entregar, cuyo crédito está vigente un año. Si durante ese año hay agua suficiente, al mismo tiempo que se reparte la del año corriente, se va repartiendo proporcionalmente la que se quedó a deber el año anterior.''

De acuerdo con los reglamentos y la ley y con la cláusula tercera del contrato, la arrendataria pagó la contribución del agua por adelantado en la fecha correspondiente.

Cuando llegó el momento de la entrega en el segundo semestre de 1925 y primero del 1926, el Servicio de Riego informó que la seca le impedía cumplir plenamente y que había abierto un crédito por el montante de la deficiencia.

Eso lo conocía perfectamente la arrendataria y ello no obstante no incluyó la deducción en la liquidación primera que produjo al arrendador. En su alegato dice que procedió de tal modo porque creyó como creen muchos terratenientes que podía disponer del agua del riego por concesión a su voluntad y así venderla al futuro arrendatario de la finca que lo iba a ser la Central Aguirre; y que en efecto intentó venderla pero al enterarse por el Sr. Lucchetti que el crédito por el agua correspondía a la finca y no a él,

creyó que debía resarcirse del dueño de la finca y surgió la segunda liquidación.

Si para resolver el conflicto se aplica, como creemos que debe aplicarse, la cláusula tercera del contrato, asiste a nuestro juicio por entero la razón al demandante, porque a virtud de ella la demandada se obligó a pagar las contribuciones de la finca arrendada en las fechas correspondientes y ya hemos visto que la fecha correspondiente en el caso de contribuciones sobre agua era por semestres adelantados. Declarando el Sr. Lucchetti, dijo:

"P. ¿Cuándo se paga la contribución del agua?

"R. Se paga por semestres; durante el transcurso de los primeros sesenta días de cada semestre.

"P. ¿La contribución es debida el primero de julio y el primero de enero, pero hay un plazo de gracia de sesenta días?

"R. De sesenta días."

La parte demandada sostiene que el contrato venció el 1º de diciembre de 1925 y que por tanto no cabe aplicar la cláusula tercera del mismo debiendo regirse las relaciones de las partes por la cláusula sexta redactada para el caso exclusivo de la recolección de las cañas después de vencido el contrato.

El agua dejada de recibir por la demandada no lo fué solamente durante el período en que ocupó la finca o ciertas tierras de ella después de vencido el contrato, si que también abarca los meses de agosto, septiembre, octubre y noviembre de 1925 en que el contrato estaba en todo su vigor. Otra vez nos referiremos a la declaración del Sr. Lucchetti. Dice así:

"P. ¿Y esos déficits de 169.98 acre pies correspondientes a la parcela de la Sucesión Florencio Santiago, a qué meses y a qué años corresponden?

"R. Corresponden a los meses de agosto, septiembre, octubre, noviembre y diciembre del año 1925 y febrero y marzo de 1926."

A este respecto y yendo al verdadero nervio de la cuestión, dice la parte apelante en su alegato:

"Queremos insistir en que no se discute aquí el pago por la Sucesión de Florencio Santiago a la menor del agua tomada al riego correspondiente a los terrenos arrendados que dicha arrendataria fué entregando al arrendador a medida que quedaron libres de las cañas plantadas en los mismos. No, esta agua, que percibió la Sucesión de Florencio Santiago, y que el contrato (cláusula 6ª) prevee que debe ser pagada por ésta, fué pagada, por dicha Sucesión, por haberse cargado por el señor Oppenheimer en la liquidación pasada al señor Santiago, (primera liquidación), montando el importe de dicha contribución de agua a \$677.03.

"La discrepancia está en la contribución de agua satisfecha por Oppenheimer a razón de \$499.20 por la parcela de la Sucesión de Florencio Santiago, durante el arrendamiento, no habiendo recibido el agua asignada a dicha parcela por deficiencias del Servicio de Riego.

"Preguntamos, ¿y si la hubiese recibido durante los meses en que correspondía recibirla y que hubo la deficiencia, agosto a diciembre 1925 y enero 1926, qué hubiera pasado? Que se hubiera utilizado por la arrendataria en los terrenos arrendados, puesto que no comenzó a entregarlos hasta el 18 de febrero de 1926. Y si tenía derecho a percibir el agua, ¿no es ésta la mejor prueba de que le incumbía el pago de la contribución?"

Aunque en verdad la cláusula sexta se otorgó para regir una situación transitoria, no puede desconectarse en absoluto de las demás que integran el contrato, como pretende la apelada. Y aun interpretándola aisladamente, lo dicho por la parte apelante en su alegato demuestra que se dió a dicha cláusula una razonable aplicación.

Creemos que en cuanto al agua pagada y dejada de entregar antes del 1º. de diciembre de 1925, ningún derecho tiene la demandada, y creemos también que si la demandada se decidió a satisfacer la contribución correspondiente al primer semestre de 1926 aunque ya en verdad había vencido el término del contrato y sólo conservaba en su poder los terrenos a los efectos de la recolección de las cañas, debe también aplicarse igual criterio.

De todos modos demostrando como demuestra la prueba que si bien se había comenzado a entregar al nuevo arrendatario agua correspondiente al débito, no se había entregado a la fecha de la contestación ni aun a la de la celebración del juicio todo lo debido, y durando el compromiso sólo un año que quizá haya transcurrido sin que se verificara la entrega, la demandada no ha probado que alguien haya recibido por entero lo que ella pagó y dejó de recibir y reclama por entero.

Quizá, como sostiene el apelante en su alegato, la demandada tenga algún derecho equitativo a percibir el importe del agua del nuevo arrendatario que, según demuestra la prueba, de ella se viene beneficiando, pero no del dueño de la finca.

El contrato era que la arrendataria pagara las contribuciones en las fechas correspondientes. Pagó en los primeros sesenta días las del último semestre de 1925 y lo único que hizo fué cumplir con el contrato. Por su propia conveniencia es un hecho que continuó en posesión de todas o parte de las tierras arrendadas hasta el día último de marzo de 1926 y que voluntariamente pagó en los primeros sesenta días el primer semestre de ese año. Ella misma interpretó el contrato de tal modo y ratificó su interpretación en la primera liquidación que hizo y entregó al arrendador. Y en verdad que su interpretación parece la más lógica, especialmente atendido lo pactado en cuanto a las mejoras. No sólo quedaban así a beneficio del arrendador las estaciones de riego que pudiera haber construido la arrendataria, si que también el crédito por agua no entregada, valedero por un año.

Resuelta en la negativa la primera de las cuestiones envueltas, se hace innecesario estudiar la segunda.

*Debe revocarse la sentencia apelada, dictándose otra declarando la demanda con lugar, sin especial condenación de costas.*